**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LEONARD THOMAS EVANS, SR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-0749 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner Leonard Thomas Evans, Sr., seeks habeas corpus relief under 28 U.S.C. § 2254.  He challenges a 1994 narcotics conviction in the 178th Judicial District Court of Harris County, Texas.  This court dismisses Evans's petition as a successive petition.

**I.     Background**

A jury found Evans guilty of the felony offense of delivery of a controlled substance. (Cause Number 671242).  On May 4, 1994, the state trial court imposed a thirty-five year sentence.  The Fourteenth Court of Appeals of Texas affirmed Evans's conviction on February 8, 1996.  The Texas Court of Criminal Appeals refused Evans's petition for discretionary review on May 22, 1996.  Evans filed an application for state habeas corpus relief on May 15, 1997; the Texas Court of Criminal Appeals denied it without written order on August 13, 1997.  *Ex parte Evans,* Application No. 34,585-01 at cover.  Evans filed his second state habeas application on November 14, 2000; the Texas Court of Criminal Appeals

dismissed it for abuse of the writ on March 28, 2001. *Ex parte Evans,* Application No. 34,585-02 at cover.

Evans filed his first federal writ of habeas corpus in 1997. (Civil Action Number H-97-3906). In that petition, Evans argued that his conviction was illegal because: (1) the prosecutor engaged in misconduct by reading the indictment to the jury panel during voir dire; (2) the trial court erred in overruling Evans's *Batson* challenge; (3) the trial court erred in disallowing Evans from offering evidence that the arresting officer was biased against him and had a motive for filing false charges; (4) the conflicting evidence and inconsistent witness statements made the evidence insufficient to support the conviction; (5) state trial counsel provided ineffective assistance by failing to present a known defense; and (6) state appellate counsel provided ineffective assistance by failing to follow the Texas Rules of Appellate Procedure in filing the petition for discretionary review. Respondent moved for summary judgment in the 1997 federal habeas case. In response, Evans raised the following additional ineffective assistance claims: (1) trial counsel "opened the door" to evidence of Evans's prior convictions; (2) trial counsel failed to obtain records and transcripts from an unrelated case, which would have shown that the arresting officer had a motive for falsifying charges against Evans; (3) trial counsel failed to object to the prosecutor's reading of the indictment; (4) trial counsel failed to pursue the *Batson* challenge; (5) trial counsel failed to seek a continuance to investigate evidence concerning the arresting officer's identification of Evans; and (6) trial counsel did not pursue a false arrest defense. On December 9, 1998,

the federal judge granted respondent's motion for summary judgment and denied habeas relief on all claims. *Evans v. Johnson*, Civil Action No. H-97-3906.

In a second federal petition, filed on April 17, 2001, Evans challenged the same 1994 conviction on some of the same grounds. Specifically, Evans asserted that his conviction was void because (1) state trial counsel provided ineffective assistance at voir dire by failing to make a *Batson* objection; (2) counsel provided ineffective assistance at the pretrial stage by failing to conduct an investigation; (3) the state knowingly suppressed evidence favorable to Evans; (4) state appellate counsel rendered ineffective assistance on appeal; and (5) state trial counsel rendered ineffective assistance by failing to request a continuance so he could investigate a police officer's faulty identification of Evans. On October 31, 2001, this court dismissed Evans's second federal petition as successive.

On March 6, 2006, Evans filed this third federal petition challenging the same conviction. He raises the following grounds: (1) his conviction was based on fabricated and contaminated evidence from the Houston Police Department Crime Laboratory; (2) the prosecutor improperly eliminated minority jurors; (3) trial counsel failed to conduct an investigation or file a motion relating to the warrantless search of Evans's residence; (4) the evidence was factually and legally insufficient to support his conviction; (5) trial counsel failed to object to erroneous jury instructions; (6) the court abused its discretion by denying the motion for continuance; and (7) the drug quantity was not alleged in the indictment. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8A).

The threshold issue is whether this petition is a successive petition that must be dismissed.

## II. Analysis

28 U.S.C. § 2244(b)(3)(a) (1998) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Evans has not sought or obtained authorization to file this third federal petition challenging his 1994 state court conviction. This court lacks jurisdiction to consider Evans's petition because it is a "successive" petition. The Fifth Circuit must authorize a district court to consider a successive application before it is filed in the district court. Because there is no indication in the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Evans's successive application, this court lacks jurisdiction to consider Evans's habeas claims. Evans may file a motion for authorization to file a successive petition with the United States Court of Appeals for the Fifth Circuit. *In re Smith,* 142 F.3d 832, 833-34 (5th Cir. 1998).

## III. Conclusion

Evans's federal petition is dismissed for lack of jurisdiction because he has failed to request permission to file a successive petition.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 120 S. Ct. 1595, 1603-04 (2000)). An applicant makes a

substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 120 S. Ct. at 1604. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Evans has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling.

SIGNED on March 31, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge